The Honorable Herman Adams Chairman House Committee on Elections Texas House of Representatives Austin, Texas 78701
Re: Applicability of Penal Code § 36.10(5) and (6) to funds derived from appreciation functions.
Dear Chairman Adams:
You have requested out opinion regarding the application of section 36.10(5) and (6) of the Penal Code to contributions derived from functions held in honor or appreciation of members and employees of the Legislature. Section 36.10 provides in pertinent part:
 Sections 36.07 (Compensation for Past Official Behavior), 36.08 (Gift to Public Servant), and 36.09 (Offering Gift to Public Servant) of this code do not apply to:
. . . .
 (5) a benefit to a public servant required to file a financial statement under . . . (Article 6252-9b, Vernon's Texas Civil Statutes), that is derived from a function in honor or appreciation of the recipient if:
 (A) the benefit and the source of any benefit in excess of $20 is reported in the financial statement; and
 (B) the benefit is used solely to defray the expenses that accrue in the performance of duties or activities in connection with the office which are nonreimbursable by the state or political subdivision.
 (6) Subsection (5) . . . does not apply to . . . [members and employees of the Legislature] 30 days prior to or during a regular session of the Texas Legislature.
Thus, subsections (5) and (6) of section 36.10 exempt public servants from liability under sections 36.07 and 36.08 for certain benefits received which are used solely to defray nonreimbursable expenses of office. (The exemption also extends to section 36.09, which applies to persons who confer benefits on public servants who are prohibited from accepting such benefits.) Sections 36.07 and 36.08 provide that a public servant commits an offense if he `solicits, accepts, or agrees to accept any pecuniary benefit' under certain circumstances. Penal Code §§36.07(b) and 36.08(a). `Pecuniary benefit' is defined by section36.01(5) of the Penal Code as:
 money, property, commercial interests, or other similar benefit the primary significance of which is economic gain; but does not include contributions made and reported in accordance with law. (Emphasis added).
A public servant cannot, therefore, commit an offense under sections 36.07 or 36.08 by soliciting or accepting a contribution reported in accordance with law. Contributions which must be reported include anything of value given to a candidate or political committee for use in an election, or given to an office holder for the purpose of assisting the office holder in the performance of duties or activities in connection with the office by defraying nonreimbursable expenses. Election Code art. 14.01(D). It appears, therefore, that the funds about which you are concerned may be contributions which must be reported in accordance with article 14.07 of the Election Code. If properly reported, such contributions do not constitute a `pecuniary benefit' for which liability may attach under sections 36.07 and36.08 of the Penal Code.
 SUMMARY
Contributions for election expenses or nonreimbursable office expenses do not constitute `pecuniary benefits' if legally reported as contributions under the Election Code. Such contributions are not therefore within the scope of sections36.07 and 36.08 of the Penal Code.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee